**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAWANA JEFFER WILLIAMS, )<br>            Plaintiff, )<br>            v. )<br>MURIEL BOWSER, *et al.*, )<br>            Defendants. ) | Civil Action No. 25-2882 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint and this civil action without prejudice.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint demands all manner of relief without alleging facts stating plausible legal claims. The plaintiff allegedly "brings this action to challenge systemic retaliation, biometric fraud, and procedural obstruction perpetrated by multiple [District of Columbia] agencies," Compl. at 10 (page numbers designated by CM/ECF), yet she fails to name the agency which retaliated against her, explain what the phrase "biometric fraud" means, or identify the procedures

1

the defendant allegedly obstructed. In addition, she purports to raise claims under the Americans with Disabilities Act, *see id*. at 7, but she fails to describe her disability or identify the accommodations she requested. She also demands "[p]unitive damages for systemic misconduct" and "[p]ublic correction of misclassification and forensic dilution," *id*. at 7, without describing the alleged misconduct or providing any further context or explanation.

      Even construing the complaint liberally, as the Court must, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint fails to meet the minimum pleading standard set forth in Rule 8. The complaint lacks a short and plain statement providing adequate notice to the defendants of the claim(s) brought against them and the ground(s) on which any claim rests. The Court will therefore dismiss the complaint and this civil action without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: October 30, 2025                                    /s/
                                                       DABNEY L. FRIEDRICH
                                                       United States District Judge